**David Richard STARR, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F-84-689.**

Court of Criminal Appeals of Oklahoma.

June 4, 1986.

E. Alvin Schay, Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

The appellant, Richard David Starr, was charged by Information in the District Court of Oklahoma County, Case No. CRF–83–6336, with the offense of Murder in the First Degree. A jury convicted him of the lesser included offense of Manslaughter in the First Degree, and assessed punishment at twenty (20) years imprisonment. He appeals, and we affirm the judgment and sentence of the District Court.

On December 20, 1983, the appellant shot and killed his estranged wife, Theresa Starr, during an altercation at her Oklahoma City home. According to the State's evidence, appellant twice came to the deceased's home that evening, and they argued. On the second occasion, when police were called, Ms. Starr came to the door with a pistol, which police took away, unloaded, and left on a table. At around midnight, the appellant entered Ms. Starr's house. He discovered her in a bedroom with another man, and remarked, "that's how I wanted to catch you." One witness said he saw appellant pointing Ms. Starr's loaded pistol at her. None of the witnesses in the house saw the actual shooting, but heard a shot fired. A witness heard the appellant telephone police, stating, "I think I just killed my wife. And I'm going to kill this other nigger too."

Appellant testified in his own defense that he admitted himself into the decedent's home with his key. He claimed the deceased came out of the bedroom with a gun, he attempted to take it away from her, and that she was shot when it accidentally discharged.

An autopsy performed on the body of the deceased revealed that she died from a single gunshot wound to the chest.

### I.

In his first assignment of error, the appellant contends the trial court erred in refusing two of his proposed instructions. *First*, he claims the trial court erred in denying his instruction on the lesser included offense of second degree manslaughter. *Second*, he argues the trial court erred in refusing his requested instruction explaining to the jury how they must evaluate his credibility as a witness

### A.

■ We disagree with appellant's first contention. We held in *Martley v. State*, 519 P.2d 544, 548 (Okl.Cr.1974) that an instruction on the lesser included offense of second degree manslaughter is not required when the defendant's theory of defense is justifiable homicide. Under the defendant's own testimony, the killing occurred when Ms. Starr came at him with a

gun, and as he was attempting to take the gun away from her. Under this defense theory, it would not appear that the appellant was culpably negligent in taking the life of the deceased, as required by 21 O.S.1981, § 716. This assignment of error is without merit.

### B.

 Regarding appellant's second assignment of error, it is true that the worthiness of a defendant's testimony should be assessed in the same manner as that of any other witness. *See, e.g., Clark v. State,* 95 Okl.Cr. 119, 239 P.2d 797 (1952). Furthermore, the *Uniform Jury Instructions—Criminal* contain such an instruction,[1] and that instruction was requested by the defendant. However, no charge covering this topic was directed to the jury by the trial judge. Therefore, the trial court did err in refusing this requested instruction. However, in the absence of other error affecting the outcome of this case, we cannot say reversal is required, as this error, by itself, did not constitute "a miscarriage of justice, or ... a substantial violation of a constitutional or statutory right." 20 O.S.1981, § 3001.1 This assignment of error, though meritorious, does not require reversal under the circumstances of this case.

### II.

Finally, the appellant challenges the decision of the trial court to disallow evidence from a defense witness which went to appellant's reputation in the community.

Title 12 O.S.1981, § 2405, states that, "[w]here evidence of a person's character or trait of character is admissible, proof may be by testimony as to reputation or by testimony in the form of opinion." Regarding reputation evidence, Whinery correctly states that "a foundation must be laid showing that the witness is sufficiently familar with the people living in the community to make a valid assessment of the reputation of the defendant...." I.L.

Whinery, *Oklahoma Evidence* 106 (1985). Trial counsel failed to lay the necessary predicate in his questioning of the witness, and the trial court, for that reason, properly disallowed the testimony. This assignment of error is without merit.

The judgment and sentence of the District Court is AFFIRMED.

BRETT and BUSSEY, JJ., concur.

---

1. *See OUJI*–Cr 842—"A defendant who wishes to testify is a competent witness. The defendant's testimony is to be judged in the same way as that of any other witness."